**MURDOCK, Plaintiff, v. LAUDERBAUGH et, Defendants.**

Common Pleas Court, Franklin County.

No. 185674.   Decided January 12, 1953.

Thomas W. Maxson, Columbus, for plaintiff.
Ralph J. Bartlett, Pros. Atty., Columbus, for defendants.

## OPINION

By HARTER, J.

By this action, the plaintiff seeks a declaratory judgment which would have the legal effect of reversing a decision by the Franklin County Commissioners on a question of law. Counsel for plaintiff and for defendants (the prosecuting attorney being defendants' counsel in this action) agree that the sole question here is whether a "private corporation" should be counted in determining the existence of a majority of "inhabitants residing on territory adjacent to a municipality" in petitioning for the annexation of such territory to the municipality pursuant to the provisions of §3548 GC (§709.02 R. C.).

The County Commissioners here, acting upon a "count" made by the Franklin County Engineer, ruled that "there was not a majority of the resident freeholders represented on said petition" for annexation of certain territory in Franklin Township to the city of Grandview Heights.  They arrived at this conclusion only by including "private corporations" (as contrasted with "individuals") as having their "residence" in the

territory. If the "private corporations" are to be excluded from the "count," the petition for annexation must, in law, be considered sufficient on this point and the commissioners must proceed with the proposed annexation.

Sec. 3548 GC, is as follows:

"The **inhabitants residing** on territory adjacent to a municipality may, at their own option, cause such territory to be annexed thereto, in the manner hereinafter provided. Application shall be by petition, addressed to the commissioners of the county in which the territory is located, signed by a majority of the **adult freeholders residing** on such territory, and shall contain the name of a person authorized to act as the agent of the petitioners in securing such annexation, and a full description of the territory and be accompanied by an accurate map or plat thereof." (Emphasis added.)

It is the contention of the plaintiff in this action that the right to join in such petitioning is limited to **adult freeholders** and that a corporation, not being a "person" nor an "adult," cannot qualify as a petitioner.

The defendants contend that a corporation is a person; that a corporation, being domiciled in its state of incorporation, thus "resides" in and is an "inhabitant" of such state; that such a corporation, therefore, should be considered an "inhabitant residing" on territory adjacent to a municipality within the meaning of §3548 GC; and that the word "adult" in the statute was only meant to protect a minor's interest in land and not to prevent a private corporation from signing a petition.

As we construe this statute (§3548 GC), its provisions are mandatory in requiring that, to qualify as a petitioner thereunder, "ownership" and "residence" must exist in an "adult" person.

This conclusion is demanded, as we see it, by the firmly established rule of construction of statutes to the effect that "all statutory provisions should be so construed, if possible, as to give full force and effect to each and all of them, and not to abrogate, defeat or nullify one by the interpretation of another, where that can be done by a reasonable construction of both." See **37 O. Jurisprudence—Statutes, Section 341.**

To express this rule of statutory construction in a slightly different form, where two interpretations of a given statute are possible and equally fair, that construction should be adopted which gives full force and effect to all words and phrases of the statute, and the court should reject the other construction which might ignore, or give no effect to, a word or phrase in the statute.

The word in §3548 GC, which points up the applicability of these rules of statutory construction is "adult." That word cannot, in the very nature of the situation, apply to a corporation. A corporation is inanimate—a paper being. To adopt the contention advanced by the defendants would be to ignore the word "adult"—to give it no effect. To adopt plaintiff's contention as to the proper construction of the statute is to give full force and effect to all the words and phrases of the statute—including the word "adult."

In arriving at this conclusion, we expressly approve the reasoning contained in two Attorney General opinions and reject the reasoning of a third Attorney General opinion. The two opinions of which we approve are Opinion No. 1399, Opinions of the Attorney General for 1946, Page 795 and Opinion No. 795, Opinions of the Attorney General for 1951, page 547. We reject Opinion No. 1784, Opinions of the Attorney General for 1950.

We are fully mindful of the result, inherent in this construction of the annexation statutes, of increasing taxes and assessments against corporate property owners within the territory to be annexed without affording such corporate property owners any rights as "petitioners" or in any "counting of majority," under the statute. In this connection, we direct attention to the rule of law which is summarized in 37 American Jurisprudence at page 648 in this language: "* * * nor is it any ground for objection that the right to vote upon the acceptance of the act is limited to the **taxpaying electors** of the territory which is sought to annex, or still less, that it is left to those possessing the suffrage at general elections, so that owners of taxable property in the annexed district having no right to vote, such as non-residents **and corporations,** have no voice in the matter." (Emphasis added.)

It is, of course, axiomatic that the Ohio Legislature has the power within certain constitutional limits to specify the steps which must be taken in the incorporation of municipalities and in the annexation of territory to them. From an **equitable** standpoint, it should be obvious that all property owners (whether individuals or corporations) should have a voice in the annexation of their property into a municipality. Such an argument should appeal to the legislature. However, we are dealing with the statutes as they are, not as they probably should be. The power to change the fundamental law in this field rests with the legislature, not with the courts.

Entertaining these views, we feel compelled to hold in favor of plaintiff's position and against the defendants. In so doing, we want it understood that our holding is limited to the

question of law here raised; we agree with the statement made in the last paragraph of the Prosecuting Attorney's brief on behalf of the defendants to the effect that "the decision of the court should be limited to an interpretation of the statute, the question as to the number of good and valid signatures on the petition not having been fully and properly presented to the court."

The defendants may, of course, have their exceptions to this ruling.